# UNITED STATES DISTRICT COURT
for the

Eastern District of District of Virginia

Norfolk Division

|  |  |
|---|---|
| Anthony Kandare<br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br>-v-<br>Wesley Kandare; Joanne Gillies;<br>M. Bradley Brickhouse; Colleen T. Dickerson;<br>and the Hon. James C. Lewis<br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case No. _____<br>*(to be filled in by the Clerk's Office)* |

## COMPLAINT AND REQUEST FOR INJUNCTION

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Anthony Kandare |
   | Street Address | 1643 Shadyside Drive |
   | City and County | Edgewater; Anne Arundel County |
   | State and Zip Code | Maryland, 21037 |
   | Telephone Number | 443-822-3759 |
   | E-mail Address | KandareIP@outlook.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Joanne Gillies (Kandare) |
| Job or Title *(if known)* | Nurse, R.N. |
| Street Address | 33101 Sotello Drive |
| City and County | Temecula; Riverside County |
| State and Zip Code | CA 92592 |
| Telephone Number | 951-693-3229 |
| E-mail Address *(if known)* | JGillies@mail.com |

Defendant No. 2

| | |
|---|---|
| Name | Wesley Kandare |
| Job or Title *(if known)* | Dentist |
| Street Address | 3265 Fayette Drive |
| City and County | Virginia Beach; Princess Anne County |
| State and Zip Code | Virginia 23455 |
| Telephone Number | 757-427-3650 |
| E-mail Address *(if known)* | WesKandare@gmail.com |

Defendant No. 3

| | |
|---|---|
| Name | M. Bradley Brickhouse |
| Job or Title *(if known)* | Attorney; Oast & Taylor PLC |
| Street Address | 277 Bendix Road, Suite 400 |
| City and County | Virginia Beach, Princess Anne County |
| State and Zip Code | Virginia, 23452 |
| Telephone Number | 757-452-6200 |
| E-mail Address *(if known)* | Brickhouse@oastaylor.com |

Defendant No. 4

| | |
|---|---|
| Name | Colleen T. Dickerson |
| Job or Title *(if known)* | Attorney; Guardian Ad Litem |
| Street Address | 1140 Cedar Point Drive |
| City and County | Virginia Beach; Princess Anne County |
| State and Zip Code | Virginia 23451 |
| Telephone Number | (757) 417-3999 |
| E-mail Address *(if known)* | Colleen@Dickerson.legal |

Basis for Jurisdiction Defendant No. 5

| | |
|---|---|
| Name | Virginia Beach Circuit Court; Hon. James Clayton Lewis |
| Job or Title *(if known)* | Presiding Judge |
| Street Address | 2425 Nimmo Parkway |
| City and County | Virginia Beach; Princess Anne County |
| State and Zip Code | Virginia 23456 |
| Telephone Number | (757) 385-4181 |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

1. **18 U.S.C. §241** - Conspiracy Againt Rights.

2. **18 USC §1201(a)(1) & (c)** – Kidnapping & Conspiracy.

3. **18 USC §242** - Deprivation of Rights Under of Color of Law.

4. Due Process Clause of the US Constitution under the 14th Amendment (**Procedural Due Process**).

5. Due Process Clause of the US Constitution under the 14th Amendment (**Substantive**) & **VA Code §64.2-2000 et seq.**

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.


2. The Defendant(s)

If the defendant is an individual

The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

3. The Amount in Controversy

The amount in controversy – the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?
1. **18 U.S.C. §241** - Conspiracy Against Rights: Virginia Beach, VA; Temecula, CA
2. **18 USC §1201(a)(1) & (c)** – Kidnapping & Conspiracy: Virginia Beach, VA; Temecula, CA
3. **18 USC §242** - Deprivation of Rights Under of Color of Law: Virginia Beach, VA
4. Due Process Clause of the US Constitution under the 14th Amendment (**Procedural Due Process**): Virginia Beach, VA.
5. Due Process Clause of the US Constitution under the 14th Amendment (**Substantive**) & **VA Code §64.2-2000 et seq.**: Virginia Beach, VA.

B. What date and approximate time did the events giving rise to your claim(s) occur?

COUNT 1 Events – Wesley Kandare & Joanne Gillies; **Conspiracy Against Rights**

On or about Dec. 17, 2018, Wesley Kandare and Joanne Gillies did exert undue influence on Valerie Kandare (elderly mother of Plaintiff, Anthony Kandare, and Defendants Wesley Kandare and Joanne Gillies) to force Valerie Kandare to modify her Powers of Attorney and Trust documents to add Joanne Gillies as joint attorney-in-fact and transfer ownership of Valerie's home into her Trust in which Wesley was identified as Reserve Trustee to Valerie Kandare as Trustee, as required to execute their plans.

On or about March 30, 2019 through about June 1, 2019, Joanne Gillies and Wesley Kandare did inveigle Valerie Kandare to visit Joanne Gillies in CA for a short period of two to three weeks and thereafter unlawfully retained Valerie Kandare in CA against her will along with blocking contacts with Plaintiff.

On or about Sept. 5, 2019, Wesley Kandare and Joanne Gillies did unlawfully asserted control of Valerie Kandare's person and property based on fraudulent assertions of incapacity.

On or about <u>Sept. 17, 2019</u>, Joanne Gillies, in cooperation with Wesley Kandare, did obtain a Temporary Restraining Order in Temecula, CA against Plaintiff on false allegations of abuse to prevent contact and communications between Plaintiff and Valerie Kandare, and withdrew the same on or about Nov. 13, 2019 shortly prior to trial on the merits for her false allegations.

On or about <u>Nov. 18, 2019</u>, when her TRO in CA against Plaintiff expired, Joanne Gillies did inform Plaintiff she would continue to prevent contact and communications between Plaintiff and Valerie Kandare without the TRO.

From <u>Nov. 18, 2019 to the date of this filing</u>, Wesley Kandare and Joanne Gillies have cooperated to prevent contact and communications between Plaintiff and Valerie Kandare including phone and personal contact and communications, and to prevent Plaintiff and Valerie Kandare from resuming their close family relationship .

COUNT 2 Events – Wesley Kandare & Joanne Gillies; **Kidnapping** (includes Count 1)

On about <u>Sept. 1, 2019 through Sept. 8, 2019</u>, Wesley Kandare and Joanne Gillies admitted taking control of Valerie Kandare's property and well-being including forcibly retaining her in CA, and cancelling her flight attempt to return to VA.

On or about <u>Sept. 22, 2019 through about Sept. 28, 2019</u>, Wesley Kandare and Joanne Gillies, employed their brother, Glenn Kandare, to physically restrain Valerie Kandare in CA while Plaintiff was in town.

On or about <u>Nov. 18, 2019</u> through present, after her TRO in CA had been withdrawn and expired, despite authorities informing Joanne Gillies against restricting Valerie Kandare's phone communications or physically restraining Valerie Kandare, Joanne has continued doing so until the date of this filing.

On or about <u>Feb. 23, 2020</u>, Plaintiff visited the Gillies home in CA for an attempted visit with Valerie Kandare, for which Joanne Gillies contacted police to help block, but which the Sheriff verified was legal and appropriate and ensured occurred. During the visit, Valerie Kandare asked in writing for independent legal representation for herself and to be present at trial.

From <u>Feb. 2020 to present</u>, Joanne Gillies in cooperation with Wesley Kandare have blocked Valerie Kandare from opportunities to seek independent representation and communicate privately with an attorney who could independently represent her.

COUNT 3 Events – Bradley Brickhouse and Colleen Dickerson – **Conspiracy Against Rights & for Kidnapping**

On or about Oct.

COUNT 3 Events – Bradley Brickhouse, Colleen Dickerson and Hon. James C. Lewis – **Conspiracy Against Rights & for Kidnapping (including allegations of Counts 1 & 2), Deprivation of Rights Under of Color of Law, Violations of the Due Process Clause of the U.S. Constitution**

On or about <u>Oct. 14 or 15, 2019</u> attorney M. Bradley Brickhouse entered representation in the Guardianship case for Valerie Kandare and immediately conducted misconduct explicitly contrary to the VA Rules of Professional Conduct to ensure assignment of Colleen T. Dickerson as Guardian Ad Litem (GAL) via private, ex parte communications and requests with the judge hearing the case.

On or about <u>Oct. 15, 2019</u>, Bradley Brickhouse's general GAL request was denied.

On or about <u>Oct. 16, 2019</u>, AFTER the hearing denying assignment of a GAL, Bradley Brickhouse communicated with the judge for the hearing via *ex parte* email without providing any information to

Plaintiff (Petitioner) requesting assignment of Colleen Dickerson as the GAL for Valerie Kandare.

On or about <u>Oct. 18, 2019</u>, Mr. Brickhouse continued private, ex parte communications with the judge for the initial hearing, in which an attorney for Mr. Brickhouse's firm signed on his behalf.

On or about <u>Oct. 25, 2019</u>, the draft Order to assign Colleen Dickerson was signed and entered by the Court without ANY notice, communications or information being provided to Plaintiff, which Plaintiff only learned about in early to mid Nov. 2019 based on online information posted for the case.

On or about <u>Dec. 20, 2020</u>, during a hearing for the Guardianship case before the Hon. James C. Lewis in which Valerie Kandare was not present or represented by counsel and she had not yet met with the GAL, Bradley Brickhouse requested several limitations against Valerie Kandare's rights be entered, which the Court orally denied.

On or about <u>Feb. 6, 2020</u>, Bradley Brickhouse sent to Judge Lewis a draft Order for the Dec. 20, 2020 hearing, in which Mr. Brickhouse <u>added</u> the denied limitations that he requested during the hearing that would violate Valerie Kandare's due process rights and Plaintiff's rights.

On or about <u>Feb. 13, 2020</u>, Judge Lewis knowingly signed the draft Order from Mr. Brickhouse with the added limitations he had denied during the Dec. 20th hearing, and the clerk entered it, thereby acting **under of color of law** to unlawfully limit Valerie Kandare's rights, liberty and freedoms to designate beneficiaries or delegate any of her legal rights and decisions via Powers of Attorney, Wills or Trusts, and to unlawfully limit Plaintiff's and Valerie Kandare's rights including liberty and family relationships, and did so with complete disregard of Valerie Kandare due process rights guaranteed under the 14th Amendment of the U.S. Constitution or Plaintiff's.

On or about <u>Feb. 13, 2020</u>, Bradley Brickhouse submitted to Judge Lewis a draft Order for a pre-trial conference and hearing held on Feb. 13, 2020 that Plaintiff made good faith efforts to attend and was scheduled to address Plaintiff's Motion to Remove Bradley Brickhouse for his deliberate misconduct in the case, but was caught for a couple hours on I-64 while it was shut down for an accident and had occurred while Plaintiff was on the phone with the GAL and the GAL stated she would pass on to the court. Despite arriving within 30 mins. of the start of the hearing, the hearing was completed.

On or about <u>Feb. 13, 2020</u>, Bradley Brickhouse provided a draft Order for the Feb. 13th hearing asserting the court had heard and exonerated Mr. Brickhouse for his misconduct, and added partial information and mischaracterizations of events as a basis to enjoin Plaintiff from presenting witnesses or evidence at trial, which denies due process consideration of Wesley Kandare's and Joanne Gillies' unlawful actions and abuses of Valerie Kandare and consideration of Plaintiff's history of strong familial ties and care of Valerie Kandare.

On or about <u>Feb. 13, 2020</u>, Hon. James Lewis signed the draft order from Bradley Brickhouse holding the court allegedly exonerated his misconduct including his improper assignment of Colleen Dickerson as GAL, and which limited Plaintiff from presenting any evidence or witnesses regarding preservation of Valerie Kandare's liberties, which violates Valerie Kandare's due process rights for a fair hearing of critical importance that could permanently limit her rights and liberties, which is a further action taken under Color of Law unlawfully infringing rights of Valerie Kandare and of Plaintiff.

On or about <u>March 12, 2020</u>, Plaintiff filed a Motion to Assign Independent Counsel for Valerie Kandare pursuant to Valerie Kandare's explicit, written request to have independent counsel and being prevented from any opportunity to contact potential counsel or communicate with the same in view of her inability to exercise her right to counsel.

On or about <u>June 16, 2020</u>, despite Valerie Kandare's explicit, written and unequivocal desire for independent representation, the request was denied based on Colleen Dickerson making a false, contrary assertion.

On or about <u>June 16, 2020</u>, Colleen Dickerson further stated that Valerie Kandare would not be present at trial despite Valerie Kandare's consistent, clear requests to be present at trial and speak to the judge.

**C.** What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

These claims are part of an overall adult kidnapping effort sometimes referred to as "Granny Snatching", which is an abusive strategy directed to illegally and unfairly depriving other family members and the elderly person of rights of family relationships with each other and the elder person of their liberty and other rights to isolate and control the elderly person while pursuing supposed legal authority and control over the elderly person for gain. This strategy is pursued through highly abusive criminal activities that includes the perpetrator(s):
- Kidnapping the elderly person to deprive her close family of rights of family relationships and the elderly person of most rights and freedoms;
- Isolating the elderly person from access or contact with family, friends, legal representation and/or others who can aid the elderly person;
- Pursuing legal rights or control over the elderly person under color of law while depriving the elderly person of their Constitutional rights and liberties and/or depriving family members of right of family relationships, freedoms of association and other right and liberties; and
- Planning and conspiring with others for the same including with legal assistants to act under color of law and attempt to obscure criminal actions and legitimize the outcome.

Valerie Kandare is the elderly person and her oldest daughter, Joanne Gillies, and youngest son, Wesley Kandare, are the initial perpetrators and co-conspirators.

Bradley Brickhouse and Colleen Dickerson are attorney co-conspirators who have and are knowingly performing actions to facilitate continued kidnapping of Valerie Kandare, due process violations and deprivations of her rights, as well as due process violations and infringements of Plaintiffs right of family relationships with Valerie Kandare.

Hon. James Clayton Lewis has knowingly acted, and continues to act, under of color of law to infringe Constitutional rights of Plaintiff and Valerie Kandare.


COUNT 1 – Wesley Kandare & Joanne Gillies; CONSPIRACY AGAINST RIGHTS

On or about <u>Dec. 17, 2018</u>, Wesley Kandare and Joanne Gillies did exert undue influence on Valerie Kandare, to force her to modify her Powers of Attorney and Trust documents against her will to add Joanne Gillies as a joint attorney-in-fact with Wesley Kandare and transfer Valerie Kandare's marital home into her Trust in which Wesley Kandare was identified as Reserve Trustee. The modified Trust and PoA's were witnessed by Laura Kandare (wife of Wesley Kandare) and Rhonda A. Riker (Office Manager for the dental business owned by Wesley Kandare).

On or about <u>March 30, 2019 through about June 1, 2019</u>, Joanne Gillies and Wesley Kandare did inveigle Valerie Kandare to visit Joanne Gillies in CA for a few weeks, which Valerie Kandare resisted, without Joanne Gillies obtaining a return ticket for Valerie Kandare as promised, and thereafter refused to allow Valerie Kandare to return to her home in VA.

On or about <u>Sept. 5, 2019</u>, Wesley Kandare and Joanne Gillies illegally asserted control of Valerie Kandare's person and property based on fraudulent assertions of incapacity of Valerie Kandare despite Valerie Kandare independently caring for herself, driving herself to medical appointments, shopping, maintaining her home, and performing other actions typically performed by an independent person immediately prior to visiting Joanne Gillies in CA. Wesley Kandare and Joanne Gillies prepared artificial opinion letters from two doctors in CA alleging Valerie Kandare's incapacity, for which one doctor had not treated Valerie Kandare. The second doctor was a staff doctor at the business where Joanne Gillies worked as a Nurse, RN part-time, which Joanne Gillies had created herself from a signed form letter from the staff doctor at her place of employment (Temecula Center for Integrative Medicine). Wesley Kandare and

Joanne Gillies falsely asserted that the fraudulent medical letters allowed them to forcibly restrain Valerie Kandare thereafter to remain at Joanne Gillies' home in CA and deny freedom of family relationships of Plaintiff with Valerie Kandare.

On or about Sept. 17, 2019, Joanne Gillies, in cooperation with Wesley Kandare, did obtain a Temporary Restraining Order in Temecula, CA against Plaintiff on false allegations of abuse to prevent contact and communications between Plaintiff and Valerie Kandare, and withdrew the same on or about Nov. 13, 2019 shortly prior to trial on the merits for her false allegations in an effort to deny Plaintiff freedom of family relationships with Valerie Kandare including Plaintiff acting on plans he made with Valerie Kandare to escort Valerie Kandare home to VA at V. Kandare's request and to continue infringing rights of Valerie Kandare, which Joanne Gillies withdrew on Nov. 14, 2019 prior to trial for a Prelminary Injunction.

On or about Nov. 18, 2019, when her TRO in CA against Plaintiff expired, Joanne Gillies did inform Plaintiff she would continue to prevent contact and communications between Plaintiff and Valerie Kandare without the TRO.

From Nov. 18, 2019 to the date of this filing, Wesley Kandare and Joanne Gillies have cooperated to prevent contact and communications between Plaintiff and Valerie Kandare contrary to their liberties and freedom of family relationships including blocking phone calls between Plaintiff and Valerie Kandare, physically restraining Valerie Kandare to remain at the home of Joanne Gillies, and avoiding and blocking physical meetings between Plaintiff and Valerie Kandare.

COUNT 2 – Wesley Kandare & Joanne Gillies; KIDNAPPING (includes allegations of Count 1)

On about Sept. 1, 2019 through Sept. 8, 2019, Wesley Kandare and Joanne Gillies admitted in a series of text communications between children of Valerie Kandare that Wesley and Joanne had taken control of Valerie Kandare's financial resources and property and her health and welfare decisions, and stated Valerie would remain in CA against her will.

Wesley further admitted in the text communication of Sept. 1-8, 2019 that he had cancelled the plane ticket Valerie Kandare had purchased at the end of August to return home to VA escorted by Plaintiff as Valerie Kandare had requested, which return flight was scheduled for Sept. 23, 2019.

On or about Sept. 22, 2019 through about Sept. 28, 2019, Wesley Kandare and Joanne Gillies, asked their brother, Glenn Kandare, to physically restrain Valerie Kandare to remain at the Gillies' house while Joanne and her husband, Jeff Gillies, were away, and to physically block any efforts of Plaintiff to visit or communicate with Valerie Kandare.

On or about Nov. 18, 2019 through present, despite Riverside County Social Services and Temecula, CA police informing Joanne Gillies that it is abuse in CA to isolate Valerie Kandare by blocking communications with Plaintiff and other family members and to physically restrain Valerie Kandare to remain in her home, Joanne Gillies has and continues to block communications between Plaintiff and Valerie Kandare and to physically restrain Valerie Kandare to remain in her home.

On or about Feb. 23, 2020, Plaintiff visited the Gillies home in CA and attempted to visit with Valerie Kandare along, for which Joanne Gillies called the Temecula police to request assistance to prevent. A sheriff came to Joanne Gillies' home, verified that Plaintiff had a right to visit with his mother and that Valerie Kandare desired to spend time along with Plaintiff, ensured Plaintiff spent time alone with his mother. During the visit, Valerie Kandare once again plead for assistance to leave the home of Joanne Gillies including explicitly requesting in writing that she desired independent legal representation, for which she was not being telephone access or opportunity to obtain.

From Feb. 2020 to present, Joanne Gillies in cooperation with Wesley Kandare have blocked Valerie

Kandare from any opportunity to seek independent representation and communicate privately with the same, which Valerie Kandare explicitly requests, and to communicate with Plaintiff for the same.

**COUNT 3** – Bradley Brickhouse, Colleen Dickerson and Hon. James C. Lewis – **Conspiracy Against Rights & for Kidnapping (including allegations of Counts 1 & 2), Deprivation of Rights Under of Color of Law, Violations of the Due Process Clause of the U.S. Constitution**

On or about Oct. 14 or 15, 2019 attorney M. Bradley Brickhouse entered representation in the Guardianship case for Valerie Kandare and immediately conducted misconduct explicitly contrary to the VA Rules of Professional Conduct to ensure assignment of Colleen T. Dickerson as Guardian Ad Litem (GAL) for the case with whom he and his law firm have extensive working relationships wherein Colleen Dickerson favors clientele of Mr. Brickhouse. These actions included communications with Colleen Dickerson prior to Mr. Brickhouse attending any hearings to prepare a draft Order to assign Colleen Dickerson as GAL in the case and signed by Colleen Dickerson as agreeing to the same.

On or about Oct. 15, 2019, Bradley Brickhouse attended a hearing at the Virginia Beach Circuit Court that Plaintiff had requested in an effort to help his mother, Valerie Kandare, escape her kidnapping circumstances and return home to VA. During the hearing, Plaintiff and Mr. Brickhouse had requested in general without submitting any names that a GAL be assigned in the case, which the court denied for both and stated that assignment of a GAL would occur after a future hearing for the same.

On or about Oct. 16, 2019, AFTER the hearing denying assignment of a GAL, Bradley Brickhouse communicated with the judge for the hearing via *ex parte* email without providing any information to Plaintiff (Petitioner), in which Bradley Brickhouse requested assignment of Colleen Dickerson as the GAL for Valerie Kandare. However, Mr. Brickhouse had failed to sign the draft Order, so the Clerk for the Judge sent a reply email to Mr. Brickhouse on Oct. 17, 2019 identifying the signature omission in Mr. Brickhouse's ex parte request.

On or about Oct. 18, 2019, Mr. Brickhouse continued private, ex parte communications with the judge for the initial hearing, in which an attorney for Mr. Brickhouse's firm signed on his behalf. Plaintiff was denied ANY notice or information regarding the ex parte communications that pertained to a CRITICAL aspect of Guardianship case, especially when involving kidnapping and willful deprivations of rights, nor did Mr. Brickhouse formally file his request to assign Colleen Dickerson with the clerk of the court.

On or about Oct. 25, 2019, the draft Order to assign Colleen Dickerson was signed and entered by the Court without ANY notice, communications or information being provided to Plaintiff, which Plaintiff only learned about in early to mid Nov. 2019 based on online information posted for the case.

On or about Dec. 20, 2020, during a hearing for the Guardianship case before the Hon. James C. Lewis in which Valerie Kandare was not present or represented by counsel and she had not yet met with the GAL, Bradley Brickhouse asked the Court to enter an Order against any party modifying Valerie Kandare's Will, Trust or Powers of Attorney documents, which would limit the rights and freedoms of Valerie Kandare to modify her own documents in violation of at least her due process rights under the 14th Amendment. Plaintiff opposed Mr. Brickhouse's Motion and Judge Lewis orally denied the request during the hearing of Dec. 20, 2019.

On or about Dec. 20, 2019, during the same hearing noted above, Bradley Brickhouse Motioned for the Hon. James C. Lewis to order Plaintiff not to interfere with the support, health care, safety, habilitation, education, therapeutic treatment or residential placement of Valerie Kandare, which Plaintiff opposed and Judge Lewis orally denied. Valerie Kandare was not present during the Dec. 20th hearing nor had any representation, and Plaintiff opposed such limitations of his rights for family relationships with Valerie Kandare.

On or about Feb. 6, 2020, Bradley Brickhouse sent to Judge Lewis a draft Order for the Dec. 20, 2020 hearing, in which Mr. Brickhouse added the limitations he requested during the hearing to prevent any modifications of Valerie Kandare's documents even though the limitations had been orally denied, and also included ordering Plaintiff not to interfere with support, health and other circumstances of Valerie Kandare

which Judge Lewis had orally denied on Dec. 20, 2019.

On or about <u>Feb. 6, 2020</u>, Bradley Brickhouse sent a draft Order for the Dec. 20, 2020 hearing to Judge Lewis, in which Mr. Brickhouse <u>added</u> the limitations he had requested during the hearing that were orally denied including an order preventing any modifications of Valerie Kandare's in violation of her due process rights, and limiting Plaintiff from interfering with circumstances of Valerie Kandare contrary to his due process rights and those of Valerie Kandare.

On or about <u>Feb. 13, 2020</u>, Judge Lewis knowingly signed the draft Order from Mr. Brickhouse with the added limitations he had denied during the Dec. 20th hearing, and the clerk entered it, thereby acting **under of color of law** to unlawfully limit Valerie Kandare's rights, liberty and freedoms to designate beneficiaries or delegate any of her legal rights and decisions via Powers of Attorney, Wills or Trusts, and to unlawfully limit Plaintiff's and Valerie Kandare's rights including liberty and family relationships, and did so with complete disregard of Valerie Kandare due process rights guaranteed under the 14th Amendment of the U.S. Constitution or Plaintiff's.

On or about <u>Feb. 13, 2020</u>, Bradley Brickhouse submitted to Judge Lewis a draft Order for a pre-trial conference and hearing held on Feb. 13, 2020 that Plaintiff made good faith efforts to attend and was scheduled to address Plaintiff's Motion to Remove Bradley Brickhouse for his deliberate misconduct in the case, but was caught for a couple hours on I-64 while it was shut down for an accident and had occurred while Plaintiff was on the phone with the GAL and the GAL stated she would pass on to the court. Despite arriving within 30 mins. of the start of the hearing, the hearing was completed.

On or about <u>Feb. 13, 2020</u>, Bradley Brickhouse provided a draft Order for the Feb. 13th hearing asserting the court had heard and exonerated Mr. Brickhouse for his misconduct, and added partial information and mischaracterizations of events as a basis to enjoin Plaintiff from presenting witnesses or evidence at trial, which denies due process consideration of Wesley Kandare's and Joanne Gillies' unlawful actions and abuses of Valerie Kandare and consideration of Plaintiff's history of strong familial ties and care of Valerie Kandare.

On or about <u>Feb. 13, 2020</u>, Hon. James Lewis signed the draft order from Bradley Brickhouse that self-exonerated his misconduct including his improper assignment of Colleen Dickerson as GAL, and which limited Plaintiff from presenting any evidence or witnesses regarding preservation of Valerie Kandare's liberties, which violates Valerie Kandare's due process rights for a fair hearing that could limit her rights and liberties, which is a further action taken under Color of Law that unlawfully infringes rights of Valerie Kandare and of Plaintiff.

On or about <u>March 12, 2020</u>, Plaintiff filed a Motion to Assign Independent Counsel for Valerie Kandare pursuant to Valerie Kandare's explicit, written request to have independent counsel and being prevented from any opportunity to contact potential counsel or communicate with the same in view of her inability to exercise her right to counsel.

On or about <u>June 16, 2020</u>, despite Valerie Kandare's explicit, written and unequivocal desire for independent representation, the request was denied based on Colleen Dickerson making a false, contrary assertion.

On or about <u>June 16, 2020</u>, Colleen Dickerson further stated that Valerie Kandare would not be present at trial despite Valerie Kandare's consistent, clear requests to be present at trial and speak to the judge. Thus, Valerie Kandare's rights to attend her trial and obtain independent representation are being absolutely ignored and deprived, and Valerie Kandare is being denied any access or opportunities for expressing her contrary desires and exercising her rights. Valerie Kandare remains captive without rights guaranteed her by the U.S. Constitution, and further lacking ability and opportunity to attempt to exercise rights.

## IV. Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

The Virginia Beach Circuit Court including Hon. James C. Lewis, along with the GAL, Colleen Dickerson and the attorney for Cross-Petitioners', Bradley Brickhouse, clearly intend to proceed with a trial on **JUNE 25, 2020** that could **permanently impair** rights and freedoms of Valerie Kandare and rights of Plaintiff and Valerie Kandare for family relationships, which are historically very strong and Plaintiff and Valerie Kandare pursue every effort to maintain, and to have such a trial occur under unconscionable, unfair circumstances that have deliberately violated and impaired Valerie Kandare's rights and Plaintiff's rights for family relationships with her.

It is unthinkable to Plaintiff that a court could condone KIDNAPPING for a such a long period along with ignoring egregious violations of rights and freedoms guaranteed under the U.S. Constitution, and then RUSH to proceed with a completely, biased and unfair trial that will limit Valerie Kandare's rights permanently. It appears that even the most recent COVID-19 efforts announced (June 18th) are not being allowed to interfere with these efforts and plans for permanently denying Valerie Kandare of her contrary to her constitutional protections, under entirely unfair conditions, and especially while denying her the most fundamental right she desires – independent representation and an opportunity to address the court herself.

Valerie Kandare has been the victim of unconscionable criminal restraints and actions for most of the past year, and she stands to lose her property and her most fundamental freedoms next week on JUNE 25th absent action from this Honorable Court, and Plaintiff stands to permanently lose the strong family relationship he has enjoyed with his mother for many years. No amount of compensation can address these loses if the results of willful, criminal actions against her for the past year go unaddressed.

Plaintiff pleads for this Honorable Court to enjoin further criminal actions and abuses against Valerie Kandare, and also request FBI assistance or other investigation on her behalf.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

An Expedited Temporary Restraining Order and Preliminary Injunction Enjoining ...

I. Defendants Wesley Kandare, Joanne Gillies, Colleen Dickerson and/or Bradley Brickhouse from:
   a. Having any contacts with Plaintiff or Valerie Kandare including telephone, electronic, or in-person contacts;
   b. Restraining Valerie Kandare and/or Plaintiff – either physically or mentally, or performing any actions directed to restraining or impeding Valerie Kandare from leaving CA and returning home in VA or taking any other lawful action including restraining or impeding contacts, communications, and family relationships between Plaintiff and Valerie Kandare; and/or
   c. Accessing, controlling, using, converting, manipulating or in any other dealing with Valerie Kandare's financial resources, income, real property, private property or other items and resources of value of Valerie Kandare except to provide an accounting the same to Valerie Kandare.

II. Defendants Virginia Beach Circuit Court and Hon. James C. Lewis shall immediately:

      a. Continue and stay any actions for the Virginia Beach Circuit pertaining to Valerie Kandare and Guardianship and/or Conservatorship including Civil Action CL19-5220;
      b. Remove Colleen Dickerson as GAL for the case and Bradley Brickhouse from having further involvement with the case;
      c. Assign counsel for Valerie Kandare for any further actions pertaining to Guardianship and/or Conversatorship; and
      d. Withdraw the Orders for Civil Action CL19-5220 that were entered on or about Feb. 13, 2020.

III. Defendants Wesley Kandare and Joanne Gillies shall:
      a. Immediately contact Plaintiff upon being served with the TRO and assist Valerie Kandare to make contact with Plaintiff to ensure her safe travel and accommodations back to her home in VA; and
      b. Cooperate to any extent requested to provide Valerie Kandare with information regarding the state of her resources and current information for accessing the same.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 06/18/2020

Signature of Plaintiff

Printed Name of Plaintiff    Anthony W. Kandare

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address